**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**


**JAMES EARL THOMAS,  AIS # 130259,**    :

     **Plaintiff,**                             :

**vs.**                                        :        **CIVIL ACTION 17-0371-WS-N**

**ERIC PETERSON,**                   :

     **Defendant.**                       :


## REPORT AND RECOMMENDATION


Plaintiff James Earl Thomas, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  Complaint.**  (Doc. 1).

This action is filed against one defendant, Eric Peterson, for firing Thomas in March 2017 from his job at Holman Prison's Sewing Plant.  (Doc. 1 at 4).   Peterson, a supervisor, fired Thomas and other African-American prisoners when they were too sick to report to work because they contracted a "spring fever."  (*Id.*).  Thomas relates that the national weather report will confirm that there was "an early rash of viruses"

that year. (*Id.*). Thomas also claims that Peterson did not fire Caucasian prisoners who were sick. (*Id.*). (The allegations do not state that Caucasian prisoners failed to report to work; however, such an inference could be made.)

Thomas alleges that Peterson fired him due to his race and "used racial slurs and overtones when talking to [him]," such as he had "better get [his] black ass on the floor" to find a fallen spool of thread. (*Id.* & at 8). In addition, when Peterson catches an African-American prisoner rolling a marijuana cigarette, the prisoner gets fired. (*Id.* at 8). But, when a Caucasian prisoner is caught smoking a marijuana cigarette, Peterson does nothing. (*Id.*).

For relief, Thomas seeks $75,000.00 in punitive damages, $2,500.00 in compensatory damages, and an order prohibiting Peterson from supervising African-American prisoners at Holman.

In addition to these allegations, the complaint form contains Thomas's answers to questions asked by the form. The complaint form asks a prisoner if he has filed another lawsuit, in state or federal court, dealing with the same or similar facts or relating to his imprisonment. (*Id.* at 3). Thomas responded with "yes" to these questions. (*Id.*). The form requires that if a response was "yes," the prisoner must describe each lawsuit on the form and, if needed, attach additional pages to list more lawsuits. (*Id.*). Thomas described one lawsuit that he filed in the Circuit Court of Escambia County, Alabama, *Thomas v. Peterson*, CV2017-0016.00, which was dismissed without prejudice for lack of funds to pay the filing fee. (*Id.*). He then proceeded to sign his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 7).

However, in examining PACER (Public Access to Court Electronic Records),[1] the

Court discovered that Thomas has filed other lawsuits in federal court. He previously

filed *Thomas v. Maxwell,* CA No. 00-01300-MHT-CSC (M.D. Ala. 2000), a § 1983 action

which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He also filed two

unsuccessful habeas petitions, *Thomas v. Deloach,* CA No. 97-00703-ID–CSC (M.D. Ala.

1997), and *Thomas v. Jones,* CA No. 98-00819-ID-CSC (M.D. Ala. 1998).

## II. Analysis.

### A. Dismissal Based on Maliciousness.

#### 1. Section 1915(e)(2)(B)(i)'s Provision for a Maliciousness Dismissal.

Because Thomas is proceeding *in forma pauperis*, the Court is required to screen

his complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss the complaint if it is found

to be frivolous or malicious, to fail to state a claim upon which relief can be granted, or

to seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his prior litigation history on a complaint form requiring

disclosure of such history and signs the complaint form under penalty of perjury, as

such a complaint "constitutes abuse of the judicial process warranting dismissal of the

case without prejudice." *Thompson v. Quinn*, 2012 WL 6761569, at *1 (N.D. Fla. 2012)

(unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v.

Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under §

1915(g) an action that was dismissed for an abuse of the legal process when the inmate

---

[1] The Court takes judicial notice of the U.S. Party/Case Index maintained by the PACER Service Center. FED.R.EVID. 201(b) (providing that judicial notice of facts "not subject to reasonable dispute . . . [that] can be accurately . . . determined from sources whose accuracy cannot

lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(2)(B)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[2] *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history even though the complaint form described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming an action's dismissal as malicious because the inmate abused the judicial process when under penalty of perjury he failed to list an action that had been dismissed prior to service of process), *cert. denied*, 133 S.Ct. 2050 (2013).

When an action is dismissed without prejudice as malicious, a court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

## 2. Application of Law to Facts.

In the present complaint, Thomas indicates that he filed one other lawsuit in state court that relates to his imprisonment. (Doc. 1 at 3). However, an examination of PACER reflects that Thomas filed a federal § 1983 action that he did not list as well as two habeas actions. Thus, Thomas knowingly chose not to list his prior § 1983 action and two habeas actions and then proceeded to sign the present complaint under penalty of perjury. (*Id.* at 7).

This type of behavior by Thomas is an abuse of the judicial process, which warrants being sanctioned. In the Court's consideration of an appropriate sanction, the Court concludes that if this action were dismissed, Thomas would be able to re-file it. That is, the complained of acts occurred in March 2017. (Doc. 1 at 4). And in Alabama the statute of limitations for filing a § 1983 action is two years from when the claim accrues. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Thus, the statute of limitations has not expired on this action, and if this action were dismissed, it can be re-filed. Accordingly, the Court deems that Thomas's behavior is an abuse of the judicial process that warrants this action's dismissal without prejudice as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. *Rivera*, 144 F.3d at 731; *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished), *cert. denied*, 562 U.S. 1013 (2010); c*f. Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not abuse of discretion); *Pinson*, 391 F. App'x at 798 (reversing a dismissal with prejudice).

**B. An Alternate Basis for Dismissal - Dismissal for Failure to State a Claim upon Which Relief Can Be Granted.**

**1. Section § 1915(e)(2)(B)(ii)'s Provision for Dismissal for Failure to State a Claim.**

In the alternative, 28 U.S.C. § 1915(e)(2)(B)(ii) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Furthermore, when a successful affirmative defense, such as a statute of limitations or the like, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

The court, when considering a *pro se* litigant's allegations, gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 566 U.S. 662. The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Id.* at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## 2.  Legal Standards Under 42 U.S.C. § 1997e(e).

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).  An affirmative defense is created by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  *Id.* at 1321.  This statute provides for the dismissal of the damages claims in the present action.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]"  *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied,* 532 U.S. 1065 (2001).  This section is "[r]ead as a limitation on recovery only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" *id.* at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" *id.* at 1289, and for nominal damages.  *Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015) (observing in the instance where a deprivation of an absolute right occurred without an injury, nominal damages are available).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."

*Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004). The statute encompasses all claims with no exceptions being provided. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). Nor does the mental or emotional injury need to be pled in order for the statute to be applicable. *Id.* at 1197 & n.5. Otherwise, a prisoner's pleading or not pleading of mental or emotional injury would achieve talismanic importance and lead to illogical results. *Id.* In order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002).

### 2. Application of Law to the Facts.

In the present action that Thomas filed while incarcerated, he requested $75,000.00 in punitive damages, $2,500.00 in compensatory damages, and injunctive relief that would prohibit defendant Peterson from supervising African-American inmates at Holman. (Doc. 1 at 7). Thomas identified no physical injury in his allegations, much less a physical injury that is greater than *de minimis*. *Harris,* 190 F.3d at 1286 (requiring a physical injury greater than *de minimis*). In the absence of a physical injury, § 1997e(e) bars his requests for punitive and compensatory damages. *Logan v. Hall*, 604 F. App'x 838, 840-41 (11th Cir. 2015) (finding that § 1997e(e) barred a claim for compensatory or punitive damages based on being subjected to more restrictive confinement because the physical injury requirement was not satisfied); *Stephenson v. Ellis*, 2013 WL 1197723, at *2 (N.D. Fla. 2013) (unpublished) (finding that § 1997e(e)

barred the claim for compensatory and punitive damages based on the disciplinary proceeding because no physical injury was alleged); *cf. Holifield v. Mobile Cty. Sheriff's Dep't,* 2008 WL 2246961, at *4 (S.D. Ala. 2008) (unpublished) (holding that 42 U.S.C. § 1997e(e) barred claims based on probation revocation because no physical injury was present); *Lakes v. States Bd. of Pardons & Paroles,* 2006 WL 870424, at *2 (N.D. Ga. 2006) (unpublished) (finding § 1997e(e) barred a claim challenging a parole revocation because no physical injury was present); *Hatcher v. Bentley,* 2017 WL 2661710, at *7-8 (N.D. Ala. 2017) (unpublished) (finding that the HIV prisoner's compensatory damages claim for being discriminated against in housing and programs at Limestone was subject to dismissal pursuant to § 1997e(e) due to lack of a physical injury), *adopting recommendation* 2017 WL 2661642 (N.D. Ala. 2017);

Thomas's requests for compensatory and punitive damages are for substantial sums and are inconsistent with a nominal damages request. *See Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (holding $1 is the norm for nominal damages); *Harrison v. Myers*, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (finding the prisoner's request for $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation*, 2010 WL 4916716, at *4 (D. N.J. 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); *Qualls v. Santa Rosa Cty. Jail*, 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (finding that the plaintiff's complaint "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"). Thus, the Court cannot find that Thomas

was requesting nominal damages. Accordingly, Thomas's punitive and compensatory damages claims are barred by § 1997e(e) and are due to be dismissed without prejudice for failure to state a claim. *Harris*, 216 F.3d at 980 (holding that a dismissal under 42 U.S.C. § 1997e(e) is without prejudice).

In addition to requesting damages, Thomas asked for injunctive relief when he sought to have Peterson prohibited from supervising African-American inmates at Holman. Even though injunctive relief is not barred by § 1997e(e), Thomas's injunctive relief request cannot go forward because it does not state a claim upon which can be granted. Federal courts are not to become "enmeshed in the minutiae of prison operations." *Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1979). "[F]ederal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions." *Newman v. Alabama,* 559 F.2d 283, 288 (5th Cir.),[3] *cert. denied,* 438 U.S. 915 (1978); *see Newman v. Alabama,* 683 F.2d 1312, 1321 (11th Cir. 1982) (reaffirming *Newman,* 559 F.2d at 288); *LaMarca v. Turner,* 995 F.2d 1526, 1543 (11th Cir.) (finding the district court's order directing how the guards were to be disciplined, which detailed the sanctions and kind of conditions under which they are to be employed, was an inappropriate use of equity powers), *cert. denied,* 510 U.S. 1164 (1994). Federal courts are required to give appropriate deference and flexibility to state officials who have expertise in this area and who are "trying to manage a volatile environment." *Sandin v. Conner,* 515 U.S. 472, 482, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995); *see Hewitt v. Helms,* 459 U.S. 460, 470, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983), *abrogated by Sandin, supra, on other grounds*. Thus, Thomas's injunctive relief request, if granted, would inproperly involve this Court in the day-to-

---

[3] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1208 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

day management of the prison. Accordingly, Thomas's injunctive relief request is inappropriate and is due to be dismissed pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

11

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  22nd day of September, 2017.


                                      s/ KATHERINE P. NELSON
                                      **UNITED STATES MAGISTRATE JUDGE**